David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | Case No. 17-01055-JDP |
| | ) | Chapter 11 |
| TIMOTHY JOHN MUSSELL and | ) | |
| CAROL M. MUSSELL, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

### ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

The Acting United States Trustee ("United States Trustee"), hereby moves to convert this case to Chapter 7 or, in the alternative, dismiss this case pursuant to 11 U.S.C. § 1112(b) for the reasons set forth below. The United States Trustee intends to call witnesses and present evidence at the hearing on this motion.

1. Debtors filed a voluntary chapter 11 petition on August 14, 2017.

2. Debtors are debtors-in-possession and have essentially the same powers and duties as a trustee. 11 U.S.C. §§ 1106 & 1107.

3. 11 U.S.C. § 1112(b)(1) provides that if the movant establishes cause, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this

1

chapter, whichever is in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1112(b)(2) states that the "court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that - (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) - (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(4) sets forth a non-exclusive list of what constitutes cause for dismissal. *See In re Jayo*, 2006 WL 2433451, *5-6 (Bankr. D. Idaho 2006). The facts set forth below constitute cause to convert this case to chapter 7.[1]

      A.      This case has been pending for over 9 months, and the Debtors have not filed a disclosure statement or plan. In fact, the Interim Application for Compensation by Attorney for Debtors (Doc. 43) suggests that, as of May 13, 2018, Debtors' counsel had not even begun working on drafting a disclosure statement or plan. Based upon the information in the Debtors' schedules and monthly operating reports, it appears that any confirmable plan will require the liquidation of some of the Debtors' real property. However, the

---

[1] The United States Trustee reserves the right to assert any cause for conversion or the appointment of a trustee which may exist at the time of the hearing on this motion.

2

Debtors have not yet sought to employ any professionals for purposes of selling real estate, nor have the Debtors otherwise sought Court authority to sell property of the estate outside of the ordinary course of business. A debtor-in-possession has a duty to, "as soon as practicable," file a plan, file a report of why he will not file a plan, or recommend conversion or dismissal of the case. 11 U.S.C. §§ 1106(a)(5); 1107(a). In the event this case is not dismissed or converted, the Court should exercise its powers under 11 U.S.C. § 105(d) to set deadlines for Debtors to file a disclosure statement and plan and set a deadline by which Debtors shall solicit acceptance of a plan.

      B.      Debtors have, without excuse, failed to timely satisfy filing or reporting requirements established by the Bankruptcy Code or a rule applicable to this case. 11 U.S.C. § 1112(b)(4)(F). The United States Trustee's Chapter 11 Guidelines and Reporting Requirements for Chapter 11 Debtors were filed on August 17, 2017. It advises of the requirement to file the reports and warns in bold print that "Failure to timely file required reports is cause for dismissal of the case or conversion to chapter 7." The following reports have not been filed or have been filed untimely:

- Monthly Operating Report for Aug. 2017 – UNTIMELY (27 days late)
- Monthly Operating Report for Sep. 2017 – UNTIMELY (23 days late)
- Monthly Operating Report for Oct. 2017 – UNTIMELY (6 days late)
- Monthly Operating Report for Nov. 2017 – UNTIMELY (5 days late)
- Monthly Operating Report for Dec. 2017 – UNTIMELY (2 days late)
- Monthly Operating Report for Jan. 2018 – UNTIMELY (20 days late)

- Monthly Operating Report for Apr. 2018 – UNTIMELY AND NOT FILED AS OF THE DATE OF THIS MOTION.

- Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Controlling or Substantial Interest ("2015.3 Report"): First Report Due – 9/8/17 – UNTIMELY (Filed 11/13/17).

- 2015.3 Report: Second Report Due – 5/13/18[2] – UNTIMELY AND NOT FILED AS OF THE DATE OF THIS MOTION.

4. The United States Trustee is informed and believes and, based thereon, alleges there are no unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate and there are no reasonable justifications for Debtors' acts and omissions alleged above. Consequently, 11 U.S.C. § 1112(b)(1) mandates dismissal or conversion, whichever is in the best interests of the creditors and the estate.

5. Debtors are not farmers, nor a corporation that is not a moneyed business or a commercial corporation. Debtors may be debtors under chapter 7. 11 U.S.C. § 1112(c).

6. When determining whether to dismiss or convert a case, "the court must consider the interests of all creditors." *Shulkin Hutton, Inc. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009).[3] Conversion is in the best interest of the creditors and the estate. The Debtors have

---

[2] The Second 2015.3 Report was arguably due by March 8, 2017, which is six months from the initial due date. Based upon the language of Rule 2015.3(b), the time for subsequent reports runs from the initial due date. However, at the very latest, the second 2015.3 Report should have been filed within 6 months of the initial report.

[3] "Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. *Collier* identifies ten such factors: (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were

4

substantial equity in the real property they own, which appears to be enough to pay secured tax claims, priority tax claims and non-priority unsecured claims in full.

Wherefore, the United States Trustee respectfully moves this case be ordered converted to Chapter 7 or, in the alternative, dismissed and that Debtors be ordered to file a declaration within 14 days of the entry of the order converting or dismissing this case setting forth all disbursements made by Debtors not already disclosed in any filed monthly operating reports, and for such other relief as the Court deems proper. In the alternative, if this case is not dismissed or converted, the Court should order Debtors to file all delinquent reports and timely file all future reports and the Court should exercise its powers under 11 U.S.C. § 105(d) to set deadlines to file a disclosure statement and plan, set a deadline for Debtors to solicit acceptances of a plan, and order such other relief as may be just and proper.

Date: June 6, 2018                                        GREGORY M. GARVIN
                                                          Acting United States Trustee Region 18

                                                          /s/ Brett R. Cahoon
                                                          BRETT R. CAHOON
                                                          Attorney for Acting United States Trustee
                                                          [Non-ECF email: brett.r.cahoon@usdoj.gov]

---

dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset;" (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns." *Rand v. Porsche Financial Services, Inc. (In re Rand)*, 2010 WL 6259960, *10, fn. 14 (9th Cir. BAP 2010) (*citing* 7 *Collier on Bankruptcy* ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2018, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Sarah B. Bratton (Debtors' counsel)

Others receiving electronic notice in this case.

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing document on the following non-CM/ECF Registered Participants via first class mail, postage paid, on the attached Mailing Matrix, except for Debtors' counsel, the United States Trustee and the Court:

See Attached Mailing Matrix

Date: June 6, 2018

/s/ Brett R. Cahoon
BRETT R. CAHOON

```
Label Matrix for local noticing        Absolute Resolutions Corporation     BRENDA DILBECK
0976-1                                  c/o Five Lakes Agency, Inc.         c/o PATRICK GEILE
Case 17-01055-JDP                       P.O. Box 80730                      953 S. INDUSTRY WAY
District of Idaho                       Rochester, MI 48308-0730            Meridian, ID 83642-4817
Boise
Wed Jun  6 08:13:27 MDT 2018

Jesse A.P. Baker                        Sarah B. Bratton                    Capital One
Aldridge Pite, LLP                      Bratton Law, PLLC                   Attn: Bankruptcy
4375 Jutland Drive, Suite 200           7154 W. State Street, Suite 167     Po Box 30253
San Diego, CA 92117-3600                Boise, ID 83714-7421                Salt Lake City, UT 84130-0253

Ed Chernoff                             Dietzel Living trust                Brenda Dilbeck
c/o Perry Law PC                        12423 E Broadway                    c/o Foley Freeman, PLLC
2627 West Idaho Street                  Spokane, WA 99216-0951              PO Box 10
P.O. Box 637                                                                Meridian, ID 83680-0010
Boise, ID 83701-0637

Ditech                                  Ditech Financial LLC                Ditech Financial LLC fka Green Tree Servicin
Attn: Bankruptcy                        c/o ALDRIDGE PITE, LLP              P.O. Box 6154
Po Box 6172                             4375 Jutland Drive, Suite 200       Rapid City, South Dakota 57709-6154
Rapid City, SD 57709-6172               P.O. Box 17933
                                        San Diego, CA 92177-7921

Thomas E Dvorak                         Ed Chernoff                         Edward and Evelyn Chernoff
POB 2720                                PO Box 7001                         PO Box 19557
Boise, ID 83701-2720                    Bend, OR 97708-7001                 Fountain Hills, AZ 85269-1557

Patrick John Geile                      Greg Russell                        Gregory Russell, Trustee of the Gregory M. R
FOLEY FREEMAN, PLLC                     PO Box 1609                         1200 5TH AVE STE 625
PO Box 10                               Roseburg, OR 97470-0405             Seattle, WA 98101-3118
Meridian, ID 83680-0010

Trevor L Hart                           William M Humphries                 IRS
PERRY LAW PC                            U.S. Attorney's Office District of Idaho   Mary Smith Liquidation Speci
PO Box 637                              Washington Group IV                 500 W 12th St 110
Boise, ID 83701-0637                    800 E. Park Blvd, Suite 600         Vancouver, WA 98660-2871
                                        Boise, ID 83712-7788

Idaho State Tax Commission              Inbanano of Idaho, Inc.             Internal Revenue Service
Bankruptcy Division                     c/o Givens Pursley LLP              P.O. Box 7346
P.O. Box 36                             P.O. Box 2720                       Philadelphia, PA 19101-7346
Boise, ID 83722-0036                    Boise, ID 83701-2720

(p)INTERNAL REVENUE SERVICE             Jim Fuhrman                         Jim Gibson
CENTRALIZED INSOLVENCY OPERATIONS       1950 E. Redwick                     2604 E Grandadillo Drive
PO BOX 7346                             Meridian, ID 83646-5690             Meridian, ID 83646-6390
PHILADELPHIA PA 19101-7346

Mary P Kimmel                           Margorie Baker                      Carol M Mussell
OFFICE OF THE US TRUSTEE US DEPT        700 E Fairviw Ave 154               3800 S. Meridian Road
720 Park Blvd., Ste. 220                Meridian, ID 83642-3320             Meridian, ID 83642-6914
Boise, ID 83712-7785
```

| | | |
|---|---|---|
| Timothy John Mussell<br>3800 S. Meridian Road<br>Meridian, ID 83642-6914 | Karen Kay Orehoski<br>Ricci Grube Breneman, PLLC<br>1200 Fifth Avenue, Suite 625<br>Seattle, WA 98101-3118 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Mark Bradford Perry<br>Perry Law, P.C.<br>POB 637<br>Boise, ID 83701-0637 | Scott   Mike Corn<br>26 Wooded River Drive<br>Garden Valley, ID 83622-5054 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 |
| Synchrony Bank/Chevron<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | US Trustee<br>Washington Group Central Plaza<br>720 Park Blvd, Ste 220<br>Boise, ID 83712-7785 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Us Bank<br>Po Box 5229<br>Cincinnati, OH 45201 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ditech Financial LLC | (u)Inbanano of Idaho, Inc. | (u)Internal Revenue Service |
| (u)Gregory Russell | (d)Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients   38<br>Bypassed recipients    5<br>Total                  43 |